9 BERNARD R. LANG et al., Appellants, v ABBOTT LABORATORIES, Defendant, and NEW YORK HOSPITAL, Respondent.—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County, dated May 16, 1977, which denied their motion for further discovery of certain information maintained in the records of the New York Hospital, a nonparty witness. Order reversed, with $50 costs and disbursements, and motion granted. The examination of the New York Hospital shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiffs, or at such time and place as the parties may agree. During the plaintiff Sheila Lang's admission to the New York Hospital, she contracted, *inter alia,* a systemic infection known as septicemia. The plaintiffs-appellants seek further discovery of hospital records in an attempt to establish that the intravenous fluid manufactured by the defendant Abbott Laboratories, which fluid was received by Sheila Lang during her admission, was the proximate cause of such infection. Plaintiffs have already been furnished, *inter alia,* with (1) a list of patients who had gram-negative sepsis and (2) a summary of gram-negative cases related to the contaminated intravenous fluids, during the period of January, 1970 through March, 1971, which period overlaps the patient's stay at the New York Hospital. Further discovery is sought of records pertaining to the incidence of septicemia, in general, and gram-negative sepsis during the two years prior to, and immediately after, her admission. We hold that such information is not exempted from disclosure by virtue of subdivision 3 of section 6527 of the Education Law. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ WILLIAM D. LEEDS, Respondent, v PAUL MARCUS, Appellant, et al., Defendant.—In an action, *inter alia,* to declare the rights of the parties with respect to a certain stockholders' agreement, defendant Paul Marcus appeals from a judgment of the Supreme Court, Rockland County, entered April 1, 1977, which, after a nonjury trial, declared the agreement to be valid and directed him to comply with it. Judgment affirmed, with costs upon the opinion of Mr. Justice Cerrato at Trial Term. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.